United States District Court
Southern District of Texas

**ENTERED**

June 24, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **JORESE GBEDEMAKOU,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00577** |
| | § | |
| **PAMELA JO BONDI,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On June 2, 2026, the Court granted in part Petitioner Jorese Gbedemakou's ("Petitioner")

Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and ordered Respondents provide

Petitioner with an individualized custody review before an immigration judge (IJ) at which the

Government bore the burden of proving, by clear and convincing evidence, that Petitioner presents

a risk of flight or a danger to the community within 7 days, or else release Petitioner. (Dkt. 10 at

6.)

On June 5, 2026, Respondents filed a Status Report, (Dkt. 11), stating that "the required

custody redetermination hearing was provided to Petitioner. The result of that hearing is that an

immigration judge denied bond to Petitioner finding that he is a flight risk." (*Id.* at 2.) Respondents

attached a copy of the IJ's order where the IJ explains that Petitioner "is a flight risk for the reasons

noted on the record." (*Id.*, Attach. 1.)

On June 9, 2026, Petitioner filed a Motion for Reconsideration of the Court's Order as to

Remedy Only, (Dkt. 12). Petitioner first argues that immediate release is the appropriate remedy

because noncitizens detained under 8 U.S.C. § 1225(b) cannot receive bond hearings and then

1 / 3

argues that the custody review was inadequate because the government was not held to its burden to prove flight risk or danger by clear and convincing evidence. (*Id.* at 3; Dkt. 14 at 3.) With regard to Petitioner's second argument, Petitioner asserts that "the bond hearing itself was insufficient for due process purposes, in that the Immigration Judge's ("IJ") denial order on June 5, 2026 was deficient." (Dkt. 12 at 3.) Respondents filed a Response in Opposition to Petitioner's Motion for Reconsideration, (13), arguing that the Court had authority to order a bond hearing and that there is no evidence to show that the hearing that took place was deficient. (*Id.* at 1–4.)

In its Order dated June 2, 2026, (Dkt. 10), the Court explicitly placed the burden on the government to prove, by clear and convincing evidence, Petitioner was a flight risk or danger to the community or else release Petitioner from custody immediately. (*Id.* at 6.) As such, Petitioner's allegations that the IJ failed to properly conduct a bond hearing are serious and, if proven, would entitle Petitioner to immediate release.

Accordingly,  Respondents are hereby **ORDERED** that (1) **within 5 days** they must file a supplemental notice supporting their position that the bond hearing held by Immigration Judge Emmanuel Garcia on June 5, 2026, complies with the Court's June 2, 2026 Order and provide a transcript or recording of the bond proceedings and copy of the accompanying evidentiary submissions to the Court, **OR** (2) they must **IMMEDIETELY RELEASE** Petitioner from custody, under reasonable conditions of supervision, during the pendency of Petitioner's removal proceedings.

If Respondents choose to release Petitioner, they are **ORDERED** to file a notice confirming Petitioner's release **no later than June 29, 2026**. Respondents must also return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

IT IS SO ORDERED.

SIGNED this June 23, 2026.

_____
Diana Saldaña
United States District Judge